# SUMMONS ISSUED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Case No.

LORI JOHNSON a/k/a LOU ANN JOHNSON,

                                Plaintiff,

           **COMPLAINT**

      -against-

RETRIEVAL-MASTERS CREDITORS BUREAU,
INC. d/b/a AMERICAN MEDICAL COLLECTION
AGENCY,
                              Defendant.
-----------------------------------------------------------------X



FILED CLERK
2011 JUN -6 PM 4:09
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

CV 11-  2719

VITALIANO, J.

REYES, M.J.

      Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

      1.    This is an action for damages and equitable relief brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to the New York General Business Law §349 ("NYGBL §349") for an injunction against defendant's deceptive acts and practices.

## PARTIES

      2.    Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the mails to collect consumer debts already in default which are owed or due or alleged to be owed or due to others. Upon information and belief, defendant has a principal place of business in Elmsford, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## STATEMENT OF FACTS

5. That at a time better known to defendant, defendant commenced the collection of a consumer debt allegedly owed by plaintiff to Bio-Reference Labs.

6. That defendant sent a debt collection letter to plaintiff dated June 21, 2011. Said collection letter contained the heading in bold-faced capital letters: "DEADLINE APPROACHING".

7. Said June 21, 2010 letter states, in pertinent part:

"You have had the opportunity to make payment of $***, yet you have repeatedly neglected to do so. As a result, our client may authorize us to send a record of your unpaid account to a national credit bureau."

8. That, subsequently, defendant sent another debt collection letter to plaintiff dated July 26, 2010. Said collection letter contained the heading in bold-faced capital letters: "DEADLINE EXPIRED".

9. That said July 26, 2010 letter states in pertinent part:

"If you believe that the amount you owe is too small for us to pursue, you are mistaken...This situation is serious. Your credit rating may be at risk. Enclose the bottom portion of this letter with your payment now."

10. That, subsequently, defendant sent another debt collection letter to plaintiff dated October 4, 2010. Said collection letter contained the heading in bold-faced capital letters: "CREDIT RECORD IN JEOPARDY".

11. That said October 4, 2010 letter states in pertinent part:

"Withholding payment is not acceptable. Your lack of response may place your credit record in jeopardy."

12. That no record of plaintiff's unpaid account has been submitted to a credit reporting agency by defendant.

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA, §§1692e, 1692e(2)(A), 1692e(5)

13. Plaintiff re-alleges paragraphs 1 to 12 as if fully re-stated herein.

14. That defendant in its letters has falsely threatened to report plaintiff to a credit reporting agency.

15. That defendant had no authority from the creditor to so report plaintiff's account and defendant knew at the time of sending the letters that defendant had no intention or authority to report plaintiff's account to the credit reporting agencies.

16. That, on information and belief, to date, almost a year since the first letter was sent to plaintiff, no such credit report has been made.

17. That defendant's statements in its letters were meant to scare plaintiff into paying the debt to protect her credit record.

18. That defendant by its aforementioned conduct, has violated the FDCPA, including but not limited to §§1692e and 1692e(10), by using a false, deceptive and misleading representation in its attempts to collect the debt.

19. That defendant has also misrepresented the character or legal status of the debt by falsely threatening that it intends to report the debt to a credit reporting agency, in violation of the FDCPA, §1692(e)(2)(A).

20. That defendant has also threatened to take an action that cannot legally be taken and that it did not intend to take, *viz.*, report plaintiff's account to a credit reporting agency, in violation of the FDCPA, §1692(e)(5).

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF THE NYGBL

21. That plaintiff re-alleges paragraphs 1 to 20 as if fully re-stated herein.

22. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

23. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails to thousands of consumers within New York State each year debt collection letters.

24. That defendant improperly threatened that it would report plaintiff's account to a credit reporting agency and in so doing violated NYGBL §349.

25. That defendant further violated the NYGBL §349 by so threatening plaintiff.

26. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349h in an amount to be determined at the time of trial;

(c) enjoining defendant from further improper contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349; and

(e) for such other and further relief as to the Court may be just and proper.

Dated: New York, New York
June 6, 2011.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com